Filing # 14355865 Electronically Filed 06/03/2014 11:33:02 AM

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA

AMERICAN CIVIL LIBERTIES UNION OF
FLORIDA, INC., and MICHAEL BARFIELD,

      Petitioners,

v.                                        Case No. 2014-CA-_____

CITY OF SARASOTA, and
MICHAEL JACKSON,

      Respondents.

_____/

## VERIFIED EMERGENCY PETITION FOR WRIT OF MANDAMUS

Petitioners, through counsel, sue Respondents, and file this emergency petition for writ of mandamus alleging the following:

### Introduction

1.    This is an action seeking a writ of mandamus to compel the production from Detective Michael Jackson of the Sarasota Police Department of public records related to the application for and orders approving the using of Stingray devices. In an effort to shield records relating to this controversial tool used to spy on Floridians without a warrant, the City and Detective Jackson transferred public records to the federal government within days after Petitioners' records request and despite the clear statutory command under § 119.07(1)(h), Fla. Stat., to preserve records in their possession pending the Court's determination of this controversy. The transferred records also constitute records of the judicial branch and included applications and orders submitted to a state court judge without any copies provided to the Clerk of the Court or otherwise retained by the judiciary.

## **Jurisdiction**

2. This Court has jurisdiction under Art. I, Sec. 24(a), of the Florida Constitution, and section 119.07, Florida Statutes. This Court has jurisdiction to issue a writ of mandamus under Art. V, section 5(b), Fla. Const., and Rule 1.630, Fla. R. Civ. P.  This Court also has jurisdiction under Rule 2.420. Fla. R. Jud. Admin.

## **Parties**

3. Petitioner, American Civil Liberties Union of Florida, Inc. ("ACLU-FL"), is the Florida affiliate of the American Civil Liberties Union, a nationwide, nonprofit, nonpartisan organization with nearly 500,000 members, approximately 18,000 in the State of Florida, dedicated to defending the Bill of Rights embodied in the United States Constitution and the declaration of rights embodied in the Florida Constitution. It has litigated hundreds of cases in Florida's state and federal courts, both as a Petitioner, or on behalf of a Petitioner, and as *amicus curiae*. The ACLU is frequently involved in litigation involving issues of constitutional protections and access to governmental records.

4. Petitioner, MICHAEL BARFIELD, is a citizen of the State of Florida and is the Vice President of the ACLU-FL.  Barfield submitted the records request in his capacity as vice president.

5. Respondent, CITY OF SARASOTA, ("City"), is a Florida municipal corporation. The Sarasota Police Department ("SPD") is an administrative agency of the City and has possession of certain public records sought by Petitioners.

6. Respondent, MICHAEL JACKSON, ("Detective Jackson"), is a detective employed at SPD.

**General Allegations**

7.      In connection with the transaction of official agency business of SPD, Detective Jackson has made or received certain records relating to applications tendered to the Circuit Court of the Twelfth Judicial Circuit, in and for Sarasota County, and the judicial orders entered pursuant to the provisions of §§ 934.32 and 934.33, Fla. Stat. ("the records" or "requested records").

8.      Based on information and belief, the records are titled "Application Under Seal" and seek authorization from a judge of the Twelfth Judicial Circuit for the installation and use of a pen register and a trap and trace device.

9.      Based on information and belief, the orders authorizing the use of a trap and trace device are utilized by law enforcement officers, including Detective Jackson, to collect information in criminal investigations, including, but not limited to, cell phone records and cell site information both historical and prospectively in real-time.

10.     In addition, trap and trace orders are used to obtain authority to use another device known as a cell site simulator, or "Stingray," to conduct live location tracking of cell phones, collect identifying information about cell phones including their electronic serial numbers, and intercept certain information pertaining to cell phone communications.

11.     Stingray devices are manufactured and sold to law enforcement agencies by the Melbourne, Florida, based Harris Corporation. Stingrays mimic cell service providers' towers and broadcast electronic signals that force cell phones in the area to register their identifying information and location. Stingrays collect information not only about specific targets of investigations, but also about hundreds or thousands of innocent third parties.

12.     Based on information and belief, the records are never filed with the Clerk of the Court or retained by any judicial officer.  Rather, Detective Jackson maintains exclusive physical custody and control of the records at SPD.

13.     On May 19, 2014, Barfield made a request of SPD for records relating to cell phone tracking and sought the following records:

> a. Any records made or received by SPD related to the use of cell phone tracking equipment, including, but not limited to, any device known as Stingray or Stingray II;
>
> b. All email communications concerning the use of cell phone tracking equipment, including, but not limited to, any device known as Stingray or Stingray II;
>
> c. Any record relating to equipment or electronic devices used to track or locate cell phones, including, but not limited to, any device known as Stingray or Stingray II;
>
> d. Any purchase orders or financial transactions related to the purchase of cell phone tracking equipment, including, but not limited to, purchases or lease agreements from the Harris Corporation, its agents or subsidiaries;
>
> e. Any record indicating that cell phone tracking equipment, including, but not limited to any device known as Stingray or Stingray II; and
>
> f. Any non-disclosure agreement between the SPD and any entity relating to cell phone tracking equipment, including, but not limited to, any device known as Stingray or Stingray II.

See Exhibit 1, attached hereto.

14.     Through this request, Mr. Barfield requested copies of the originals (or copies of originals) and drafts of the records.

15.     On or about May 22, 2014, Mr. Barfield contacted Detective Jackson and requested an appointment to inspect records in his possession, including the trap and trace applications and orders.

4

16.     Detective Jackson acknowledged to Mr. Barfield that he had sole possession, custody and control of the trap and trace applications and orders and scheduled an appointment for Mr. Barfield to inspect same at SPD on Tuesday, May 27, 2014, at 2:30 p.m.

17.     On Tuesday, May 27, 2014, just a few hours before the scheduled inspection of the records, Assistant City Attorney Eric Werbeck sent Mr. Barfield an email stating that a federal agency instructed the City not to release the requested documents because any "trap and trace" orders kept by Detective Jackson were pursuant to his duties as a Special Deputy with the U.S. Marshal's Service.  See Exhibit 2, attached hereto.

18.     On May 28, 2014, Mr. Barfield requested Mr. Werbeck to comply with the provisions of § 119.07(1)(h), Fla. Stat., to maintain the records until such time as a court of competent jurisdiction could determine whether or not the records are public records subject to inspection under Chapter 119.  See Exhibit 3, attached hereto.

19.     In a telephone conversation with Mr. Barfield on May 28, 2014, and again on May 29, 2014, Mr. Werbeck stated that he would not guarantee that the requested records would be maintained in the custody of Detective Jackson or that the provisions of § 119.07(1)(h), Fla. Stat., applied to the records.

20.     The City and Detective Jackson have not asserted any statutory exemption to the requested in writing as required by § 119.07(1)(e) and (f), Fla. Stat.

21.     On or about May 30, 2014, the City notified Petitioners that a federal agency had physically moved the records in Detective Jackson's possession from Sarasota to an unknown location.  See Exhibit 4, attached hereto.

22.     In a second email dated May 30, 2014, the City sought clarification on the remaining records identified in response to the original May 19th request.[1]  See Exhibit 5, attached hereto.

23.     Based on information and belief, the City and Detective Jackson have possession of digital records relating to the trap and trace applications.  For example, when Detective Jackson drafted any applications and proposed orders, SPD's servers would likely retain an electronic version of the documents or draft documents.  Additionally, when Detective Jackson sent a signed order to any cell phone service provider, the record would have been transmitted via email or facsimile.  The transmission via email or facsimile would remain on SPD's servers or Detective Jackson's individual computer.

24.     Petitioners reasonably believe that if the City or Detective Jackson identify any additional records relating to the Stingray technology or trap and trace applications and orders submitted to a state court judge, they will notify the federal government, who will again take custody of public records as well as judicial court records not maintained anywhere else.

25.     Under these circumstances, there is a legitimate concern that any additional records identified in response to Petitioners' records request will be transferred to the custody of federal agents before this Court makes a determination of whether they are or are not a public record or alternatively, a court or judicial record.

26.     The applications and orders submitted to a judge under §§ 934.32 and 934.33, Fla. Stat.,  are records of the judicial branch within the meaning of Fla. R. Jud. Admin. Rule 2.420(1).

---

[1] As indicated in the email, the original records request was supplemented with keyword search terms.

27.     The proper custodian of records of the judicial branch is the Clerk of Court pursuant to § 28.13, Fla. Stat. and Rule 2.420(d)(1), Fla. R. Jud. Admin.  Alternatively, the Chief Judge or each individual judge is the custodian under Rule 2.420(3).

## LEGAL CLAIMS

28.     The City and Detective Jackson are an "agency" as that term is defined in Section 119.011(2), Florida Statutes.  It is therefore required to comply with the provisions of the Public Records Law.

29.     As custodian of public records, the City and Detective Jackson have a mandatory and non-discretionary duty to permit the inspection of all public records.

30.     Petitioners have a clear legal and constitutional right to inspect all public records to which no statutory exemption applies.  Art. I, § 24(a), Fla. Const.; § 119.07(1)(a), Fla. Stat.

31.     Petitioners made a valid request to inspect public records.

32.     The City and Detective Jackson have a clear statutory duty under § 119.07(1)(a) to permit inspection and copying of public records.

33.     The City and Detective Jackson have a clear statutory duty under § 119.07(1)(h) to maintain the records for a period of thirty (30) days even if they contend that the records are not a public record subject to inspection under Chapter 119.

34.     The City and Detective Jackson failed to comply with the request to permit inspection and copying of public records.

35.     The requested records are not subject to any statutory exemption and, to date, the City and Detective Jackson have not asserted any statutory exemption in writing as required by § 119.07(1)(e) and (f).

36.     The applications and orders submitted to a judge under §§ 934.32 and 934.33, Fla. Stat., are records of the judicial branch within the meaning of Fla. R. Jud. Admin. Rule 2.420(1).

37.     Petitioners have no other adequate remedy at law.

38.     Petitioners seek and are entitled to an accelerated hearing under § 119.11(1), Florida Statutes.

39.     Petitioners have retained the undersigned to represent them in this matter.

40.     Petitioners are entitled to recover reasonable attorney's fees and costs incurred in bringing this action under § 119.12, Florida Statutes.

41.     Petitioners seek and are entitled to the issuance of an order to show cause or alternative writ of mandamus directed to the City and Detective Jackson why a writ of mandamus should not issue granting the requested relief.

42.     Petitioners seek and are entitled to the issuance of an injunction enjoining the City and Detective Jackson from disposing of the requested records.

43.     Petitioners seek and are entitled to an Order requiring the City and Detective Jackson to deliver the requested records to the Clerk of the Court to be maintained under seal pending the Court's determination of this action.

WHEREFORE, Petitioners respectfully pray that this Court enter an Order granting the requested relief of:

A.     an order to show cause or alternative writ of mandamus;

B.     setting an accelerated hearing;

C.     requiring the City and Detective Jackson to make the requested records available for inspection or assert a statutory exemption that bars such inspection;

D.      requiring the City and Detective Jackson to comply with the provisions of § 119.07(1)(h) and not dispose of or transfer the records except by court order;

E.      requiring the City and Detective Jackson to deliver the requested records into the custody of the Clerk of the Court to be maintained under seal until further order of the Court;

F.      awarding costs and attorney's fees; and

G.      any such other relief as the Court deems appropriate.

## VERIFICATION

Under penalties of perjury, I declare that I have read the foregoing Emergency Petition for Writ of Mandamus and that the facts stated in it are true to the best of my knowledge and belief.

_____
MICHAEL BARFIELD

STATE OF FLORIDA

COUNTY OF SARASOTA

Sworn to (or affirmed) and subscribed before me this _3᚛_ day of _____, 2014, by Michael Barfield.

_____
Signature of Notary Public – State of Florida

ERIC J. ROSSI
_____
Name of Notary Typed, Printed, or Stamped

ERIC J. ROSSI
MY COMMISSION # FF 083554
EXPIRES: January 15, 2018
Bonded Thru Budget Notary Services

(NOTARY SEAL)

Personally      Known      _X_      OR      Produced      Identification      _____

Type of Identification Produced_____

9

Respectfully submitted,

s/Benjamin James Stevenson
**Benjamin James Stevenson**
Fla. Bar. No. 598909
ACLU Found. of Fla.
Post Office Box 12723
Pensacola, FL  32591-2723
T. 786.363.2738
F. 786.363.1985
bstevenson@aclufl.org

*Counsel for ACLU*

/s/ Andrea Flynn Mogensen
**ANDREA FLYNN MOGENSEN**
Cooperating Attorney for the American
 Civil Liberties Union of Florida, Inc.
Law Office of Andrea Flynn Mogensen, P.A.
200 South Washington Boulevard, Suite 7
Sarasota FL 34236
Telephone: 941.955.1066
Fax: 941.955.1008
Florida Bar No. 0549681
amogensen@sunshinelitigation.com

*Counsel for ACLU*

Maria Kayanan
**MARIA KAYANAN**
Associate Legal Director
ACLU Foundation of Florida, Inc.
4500 Biscayne Boulevard
Miami, FL 33137
Florida Bar No. 305601
Telephone: (786) 363-2700
Facsimile: (786) 363-1108
MKayanan@aclufl.org

*Counsel for ACLU*

**THOMAS & LOCICERO PL**

/s/ Gregg D. Thomas
 Gregg D. Thomas
 Florida Bar No. 223913
 601 South Boulevard
 Tampa, Florida  33606
 Telephone: (813) 984-3066
 Facsimile: (813) 984-3070
 Primary: gthomas@tlolawfirm.com
 Secondary: kbrown@tlolawfirm.com

 Attorney for Michael Barfield