UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMERICAN CIVIL LIBERTIES
UNION OF FLORIDA, INC., et al.,

    Plaintiffs,

v.                                    No. 8:14-cv-1606 SDM-TG

CITY OF SARASOTA, et al.,

    Defendants.

### PLAINTIFFS' MOTION TO ALTER OR VACATE JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT

Pursuant to Fed.R.Civ.P. 59(e), Plaintiffs American Civil Liberties Union of Florida, Inc., and Michael Barfield (collectively "ACLU") move this court to rehear and alter, amend, or vacate the state court's judgment rendered on June 18, 2014. *See* State Record (DE 1-2), p. 67-70 (Order Dismissing Case).

In its state lawsuit, the ACLU requested public records relating to Sarasota Police's use of cell phone tracking equipment like Stingrays. Verified Compl. (DE 2). It specifically alleged that Det. Jackson created, received, and maintained the responsive state Stingray applications and trap and trace orders in his capacity as a state law enforcement agent. *Id*. at ¶ 7. Nevertheless, the state court—during a "non-evidentiary status conference," *see* State Record (DE 1-2), p. 61 (Order

Setting Status Conference)—concluded that Det. Jackson created and maintained those responsive records as a federal agent, *see* State Record (DE 1-2), p. 68 (Order Dismissing Case). Pursuant to this erroneous ruling, the state court dismissed the Florida Public Records Law lawsuit because the Florida law could not be applied against federal agents. *Id*.

The federal district court should reverse the state court's erroneous ruling and find that Det. Jackson created, received, and maintained the responsive state Stingray applications and trap and trace orders in his capacity as a state law enforcement agent.[1] Additionally, the federal district court should vacate the dismissal order. The federal district court should reverse and vacate the state dismissal order because the state court made a factual finding based on the bare, unsworn representation of the U.S. Government during a non-evidentiary status conference that conflicted with the verified complaint. Verified Compl. (DE 2), ¶ 7. For reasons stated in the Plaintiffs' Motion for Remand filed

---

[1] The district court should first rule on the pending motion for remand before exercising jurisdiction to consider this current motion to vacate pursuant to Rule 59. *Nichols v. Se. Health Plan of Alabama, Inc.*, 859 F. Supp. 553, 559 (S.D. Ala. 1993) ("A federal court lacking subject matter jurisdiction cannot rule on other pending motions.") (citing 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3739 at 423 (3rd ed.1998)). Accordingly, the principal reason for this Rule 59(e) motion is to toll the time for appeal in state court or conversely permit review of the state court dismissal order by the Eleventh Circuit. *See Jackson v. American Savings Mortgage Corporation,* 924 F.2d 195 (11th Cir. 1991), *followed by Bakery Ctr. Associates v. Orientations Gallery, Inc.*, 54 F.3d 688, 689 (11th Cir. 1995).

contemporaneously with this filing and evidence to be obtained during the proposed hearing, the federal district court should hold that Det. Jackson created, received, and maintained the responsive state Stingray applications and trap and trace orders in his capacity as a state law enforcement agent.

**WHEREFORE**, Plaintiffs request that the Court find that Det. Jackson created, received, and maintained the responsive state Stingray applications and trap and trace orders in his capacity as a state law enforcement agent and vacate the state court's dismissal order.

Dated:     July 15, 2014

### CERTIFICATE OF CONFERRAL

Pursuant to M.D. Fla. Loc. R. 3.01(g), the below counsel conferred with opposing counsel in a good faith effort to resolve the issues raised in this motion. The opposing counsel oppose the relief requested in this motion.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed today the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all persons registered for this case, including any opposing counsel that have appeared.

**Respectfully Submitted,**

| | |
|---|---|
| **s/Benjamin James Stevenson** | **/s/ Gregg D. Thomas** |
| **Benjamin James Stevenson** | Gregg D. Thomas |
| ACLU Foundation of Fla. | Fla. Bar. No. 223913 |
| P.O. Box 12723 | **Thomas & Locicero PL** |
| Pensacola, FL  32591-2723 | 601 S. Boulevard |
| Fla. Bar. No. 598909 | Tampa, Florida  33606 |
| T. 786.363.2738 | T. 813.984.3066 |
| F. 786.363.1985 | F. 813.984.3070 |
| bstevenson@aclufl.org | gthomas@tlolawfirm.com |
| | kbrown@tlolawfirm.com (secondary) |
| **Andrea Flynn Mogensen** | |
| Cooperating ACLU Foundation of Fla. | *Attorney for Michael Barfield* |
| Law Office of Andrea Flynn Mogensen, P.A. | |
| 200 S. Washington Blvd., Ste. 7 | |
| Sarasota FL 34236 | |
| Fla. Bar. No. 0549681 | |
| T. 941.955.1066 | |
| F. 941.955.1008 | |
| amogensen@sunshinelitigation.com | |

**Maria Kayanan**
Associate Legal Director
ACLU Foundation of Fla.
4500 Biscayne Boulevard
Miami, FL 33137
Fla. Bar. No. 305601
T. 786.363.2700
F. 786.363.1108
MKayanan@aclufl.org

*Counsel for ACLU*