UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMERICAN CIVIL LIBERTIES
UNION OF FLORIDA, INC., et al.,

    Plaintiffs,

v.                                No. 8:14-cv-1606 SDM-TG

CITY OF SARASOTA, et al.,

    Defendants.

### PLAINTIFFS' MOTION FOR LIMITED DISCOVERY ON JURISDICTION AND MEMORANDUM OF LAW IN SUPPORT

Pursuant to Fed.R.Civ.P. 16, Plaintiffs American Civil Liberties Union of Florida, Inc., and Michael Barfield (collectively "ACLU") move this court to allow limited discovery in advance of a hearing on the court's jurisdiction over this case removed from state court:

On June 30, 2014, Defendant Michael Jackson filed a Notice of Removal (DE 1) of this state court proceeding to federal district court pursuant to 28 U.S.C. §§ 1441, 1442, and 1446.  Jackson stated the grounds for removal were two bases of original jurisdiction the federal district court had over the lawsuit: Federal question (28 U.S.C. § 1331) and mandamus action against a federal agent (28 U.S.C. § 1361).  *Id*. at ¶ 5.

The U.S. Government essentially contends that the ACLU's public records lawsuit seeks to compel a federal agent to produce public records.  In contrast, the ACLU contends that Det. Jackson sought and received the relevant state trap and trace orders in his capacity as a Sarasota detective.  Verified Compl. (DE 2), ¶ 7, 15-16.  The court's jurisdiction turns on the capacity in which Det. Jackson sought, received, and maintained these state trap and trace orders.

Because a factual dispute exists over the court's jurisdiction predicating removal, the district court properly conducts an evidentiary hearing to resolve the factual dispute and rule on its jurisdiction.  *In re Brand Name Prescription Drugs Antitrust Litig.*, 248 F.3d 668, 671 (7th Cir. 2001).  To facilitate and streamline a hearing on the Court's jurisdiction, the ACLU requests limited discovery on the state trap and trace applications and orders at issue in this case and Det. Jackson's actions, capacity, and duties relating to them.  Specifically, ACLU requests the Court to direct Det. Jackson to provide the trap and trace applications and orders (in the closed cases) at issue in this public records lawsuit[1] and then sit for a deposition.  These applications and order will provide direct evidence of the capacity in which Det. Jackson applied for and received them.  They would reflect the person and agency who applied for the trap and trace order, *see* § 934.32(2),

---

[1] For any open cases, which if publically revealed would compromise an active investigation, the court should order Det. Jackson to provide a privilege log.

Fla. Stat., as well as the criminal offense being investigated, *see* § 934.33(2)(a)(4), Fla. Stat. Therefore, these documents would greatly assist in resolve the factual dispute over the Court's jurisdiction.

Pursuant to Rule 16, this Court has broad authority to permit this discovery. *See Pac. Indem. Co. v. Broward County,* 465 F.2d 99, 103 (5th Cir.1972) (noting that Rule 16 "gives the trial court broad discretion in conducting pretrial procedures in order to narrow the issues, reduce the field of fact controversy for resolution, and to simplify the mechanics of the offer and receipt of evidence"). Immediate discovery and a hearing on Det. Jackson's capacity and the Court's jurisdiction would further the "just, speedy, and inexpensive determination" of this matter. Fed.R.Civ.P. 1.

**WHEREFORE**, Plaintiffs request that the Court order Det. Jackson to provide the following discovery within 14 days and in advance of a hearing on the Court's jurisdiction:

A. Copies of all state trap and trace applications and orders responsive to the ACLU's May 19, 2014, public records request. *See* State Court Record (DE 1-2), p. 46-47. For any applications and orders relating to an active criminal investigation, which if made public would compromise that investigation, Det. Jackson should provide a privilege log listing (a) the person and agency who

applied for the trap and trace order (§ 934.32(2), Fla. Stat.), (b) the criminal offense being investigated (§ 934.33(2)(a)(4), Fla. Stat.), (c) the date of the application and the date of the order, and (d) the number of pages for each document.

    B.    Det. Jackson's deposition conducted by the ACLU.

Dated:    July 15, 2014

### CERTIFICATE OF CONFERRAL

Pursuant to M.D. Fla. Loc. R. 3.01(g), the below counsel conferred with opposing counsel in a good faith effort to resolve the issues raised in this motion. The opposing counsel oppose the relief requested in this motion.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed today the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all persons registered for this case, including any opposing counsel that have appeared.

**Respectfully Submitted,**

| | |
|---|---|
| s/Benjamin James Stevenson | /s/ Gregg D. Thomas |
| **Benjamin James Stevenson** | Gregg D. Thomas |
| ACLU Foundation of Fla. | Fla. Bar. No. 223913 |
| P.O. Box 12723 | **Thomas & Locicero PL** |
| Pensacola, FL 32591-2723 | 601 S. Boulevard |
| Fla. Bar. No. 598909 | Tampa, Florida 33606 |
| T. 786.363.2738 | T. 813.984.3066 |
| F. 786.363.1985 | F. 813.984.3070 |
| bstevenson@aclufl.org | gthomas@tlolawfirm.com |
| | kbrown@tlolawfirm.com (secondary) |
| **Andrea Flynn Mogensen** | |
| Cooperating ACLU Foundation of Fla. | *Attorney for Michael Barfield* |
| Law Office of Andrea Flynn Mogensen, P.A. | |
| 200 S. Washington Blvd., Ste. 7 | |
| Sarasota FL 34236 | |
| Fla. Bar. No. 0549681 | |
| T. 941.955.1066 | |
| F. 941.955.1008 | |
| amogensen@sunshinelitigation.com | |

**Maria Kayanan**
Associate Legal Director
ACLU Foundation of Fla.
4500 Biscayne Boulevard
Miami, FL 33137
Fla. Bar. No. 305601
T. 786.363.2700
F. 786.363.1108
MKayanan@aclufl.org

*Counsel for ACLU*