UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMERICAN CIVIL LIBERTIES
UNION OF FLORIDA, INC. and
MICHAEL BARFIELD,

        Petitioners,

v.　　　　　　　　　　　　　　　　　　　Case NO. 8:14-cv-01606-SDM-TGW

CITY OF SARASOTA, and
MICHAEL JACKSON,

        Respondents.
_____/

## RESPONSE OF CITY OF SARASOTA TO MOTION FOR REMAND/ MEMORANDUM OF LAW IN SUPPORT OF RESPONSE

COMES NOW the CITY OF SARASOTA, by and through its undersigned attorneys, and pursuant to Rule 3.01 of this Court, and files this Response and Memorandum to the above-referenced motion and states:

### I. BACKGROUND/TIMELINE

June 3, 2014:    American Civil Liberties Union of Florida, Inc. and Michael Barfield (hereinafter collectively referred to as Petitioners) file a "Verified Emergency Petition for Writ of Mandamus" in Twelfth Judicial Circuit Court in Sarasota County. (Dkt. #2) The Petition names the City of Sarasota and Michael Jackson as respondents and attempts to state an action for a writ of mandamus under the Florida Public Records Act, Chapter 119, Florida Statutes. The Petition describes the "requested records" as "… certain records relating to applications tendered to the Circuit Court of the Twelfth Judicial Circuit, in and for Sarasota County, and

            the judicial orders entered pursuant to the provisions of §§934.32 and 934.33, Fla. Stat." (Dkt. #2, p. 3)[1]

June 4, 2014:      The state circuit court enters an order setting a status conference. The order states, "The purpose of the status conference is for the parties to address jurisdictional issues and the status of respondent Michael Jackson." (Dkt. #1-2, p. 61)[2]

June 12, 2014:      The state circuit court conducts a status conference. The United States Government makes a limited appearance at the conference.

June 17, 2014:      The state circuit court enters an order which dismisses "without prejudice," the Petition for Writ of Mandamus. (Dkt. #1-2, p. 67) The order recites that the United States Government appeared at the status conference and informed the court that Michael Jackson is a Special Deputy with the U.S. Marshall's Service and is assigned to a federally created regional task force. (Dkt. #1-2, p. 68) The circuit court finds that the Petitioners did not challenge "as a matter of fact," the statement of the U.S. Government regarding the status of Jackson. (Dkt. #1-2, p. 68) The circuit court also finds, citing to *Morris Pub. Group, LLC v State*, 13 So.3d 120, 121 (Fla. 1st DCA 2009), that the applications for orders and orders authorizing the use of the "Stingray" devices sought by Petitioners are judicial records and not subject to Chapter 119, Florida Statutes. The circuit court concludes that, "The Court does not have jurisdiction over the Petition as pled. Court records, federal documents and federal criminal

---

[1] F.S. 934.32 and 934.33 deal with the use of "trap and trace" devices. The Petition and the June 17, 2014 order also refer to these devices as "Stingray" devices.
[2] Paragraph 17 of the state court Petition for Mandamus makes reference to Michael Jackson's status as a Special Deputy with the United States Marshall's Service. (Dkt. #2, p. 5)

investigations are not subject to Chapter 119. For that reason, the Petition as currently pled is due to be dismissed." (Dkt. #1-2, p. 69) The order permits the Petitioners to amend the Petition by July 7, 2014.[3] The order also requires the United States Government to file with the state court all applications and orders approving the use of Stingray devices by June 23, 2014. (Dkt. #1-2, p. 69)[4]

June 30, 2014:   The United States of America files a Notice of Removal in the state circuit and United States District Court. The Notice of Removal is supported by a Declaration of Michael Jackson which states under oath that, "[t]he Petition seeks documents that I either created or maintained, in my capacity as a Special Deputy United States Marshall and at the direction of the United States Marshall Service, in connection with my official duties on the Federal Task Force. These documents include applications for search warrants and proposed orders." (Dkt. #3)

July 15, 2014:   Petitioners file the Motion for Remand. (Dkt. #11)

## II. ANALYSIS

The Notice of Removal cites several statutory grounds for the removal. It appears, however, that the most applicable ground is 28 USC 1442(a)(1) based on Jackson's status as a federal official, to-wit, a Special Deputy U.S. Marshall.

The right of removal under 28 USC 1442(a)(1) "is made absolute whenever a suit in a state court is for any act under color of federal office, regardless of whether the suit could originally have been brought in federal court." *Willingham v. Morgan*, 395 U.S. 402, 406 (1969). Suits against federal officers may be removed even if the suit makes only state law

---

[3] Petitioners did not attempt to amend the Petition by the July 7 deadline.
[4] The United States Government has presumably complied with this portion of the order, and the Petitioners do not suggest otherwise.

claims which raise no issues under the Constitution or laws of the United States. *Jefferson County, Alabama v. Aker,* 527 US 423, 431 (1999). Proper removal under Section 1442(a)(1) requires the federal official to state a "colorable defense arising out of [his] duty to enforce federal law" and a "causal connection between what the officer has done under asserted official authority and the state court suit against him." *Magnin v. Teledyne Continental Motors,* 91 F.3rd 1424, 1427 (11th Cir. 1996) (citing to *Mesa v. California,* 489 US 121, 133 (1989) and *Maryland v. Soper*, 270 US 9, 33 (1926).

In this case, Jackson's liability under the Petition for Writ of Mandamus is predicated upon his alleged status as a custodian of what Petitioners claim are state records subject to the provisions of the Florida Public Records Act, Chapter 119, Florida Statutes. Jackson testifies in his Declaration filed in support of the Notice of Removal that the records Petitioners seek were "… either created or maintained, in my capacity as a Special Deputy United States Marshall and at the direction of the United States Marshall Service, in connection with my official duties on the Federal Task Force." (Dkt. #3) As correctly found by Judge Williams in his June 17, 2014 order, Chapter 119, Florida Statutes applies only to records created or received by an agency of state or local government. (Dkt. #1-2, p. 68) The statute does not apply to documents created or maintained by an arm of the United States government. See F.S. 119.011(12) (defining public records as those made or received in connection with the transaction of official business of the state or local agency), and F.S. 119.011(2) (defining "agencies" subject to the public records act with a list of state and local agencies). Because Jackson cannot be liable under the Florida Public Records Act if his creation and maintenance of the documents were in his capacity as a Special Deputy United States Marshall, he has, at a minimum, stated a colorable defense based upon his status as a federal official who was discharging his duties as a member of the Federal

Task Force. If removal is based on 28 USC 1442(a)(1), "that defense need only be plausible; its ultimate validity is not to be determined at the time of removal." *Magnin v. Teledyne Continental Motors,* supra at 1427. Accordingly, remand is not appropriate because the colorable defense requirement for removal under Section 1442(a)(1) has been satisfied by Jackson's Declaration.

The additional requirement of a "causal connection" between the suit and the exercise of the officer's official authority is also satisfied in this case. The allegations of the Petition attempt to premise Jackson's liability on his alleged "… exclusive physical custody and control of the [requested] records at SPD" (Dkt. #2, p. 4) Jackson states in his Declaration that his custody and control of these records were all in connection with his official duties as a Special Deputy U.S. Marshall. As with the colorable defense, the Declaration satisfies the requirement to state a causal connection between the exercise of Jackson's official duties and the suit against him in state court. See *Magnin v. Teledyne Continental Motors,* supra, at 1427.

The Petitioners' claim against the City of Sarasota is in large part, if not entirely, based upon the same allegations made against Jackson. Even though only one respondent in this case is a federal officer, Section 1442 (a)(1) authorizes the removal and retention of jurisdiction over ancillary claims against parties who may otherwise have no basis to remove the case to federal court. *IMFC Professional Services of Florida, Inc. v. Latin American Home Health, Inc., et al.,* 676 F.2d 152, 158 (5th Cir. 1982). See also *Fowler v. Southern Bell Tel. & Tel. Co.,* 343 F.2d 150, 152 (5th Cir. 1965). Accordingly, this Court has and should retain jurisdiction over the claim against the City of Sarasota.

### III. CONCLUSION

Based upon the foregoing, the City of Sarasota respectfully requests this Court to deny the Petitioners' Motion to Remand.

                                                    Thomas D. Shults
                                                    Trial Counsel for City of Sarasota
                                                    Florida Bar Number 0363219
                                                    Kirk-Pinkerton, P.A.
                                                    240 S. Pineapple Avenue, Sixth Floor
                                                    Telephone (941) 364-2425
                                                    Facsimile (941) 364-2490
                                                    socd@kirkpinkerton.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Response has been served this 29 day of July, 2014 to:

Benjamin James Stevenson, Esq.
ACLU Found. Of Fla.
P.O. Box 12723
Pensacola, FL 32591-2723

Maria Kayanan, Esq.
ACLU Found. Of Fla.
4500 Biscayne Boulevard
Miami, FL 33137
MKayanan@aclufl.org

Andrea Flynn Mogensen, Esq.
Law Offices of Andrea Flynn Mogensen
200 South Washington Boulevard, Suite 7
Sarasota, FL 34236
amogensen@sunshinelitigation.com

Gregg D. Thomas, Esq.
Thomas and Locicero, PL
601 South Boulevard
Tampa, FL 33606
Gthomas@tlolawfirm.com

John F. Rudy, III
Assistant United States Attorney
United States Dept. of Justice
400 N. Tampa Street, Suite 3200
Tampa, FL 33602
John.rudy@usdoj.gov

Eric Werbeck, Esq.
Fournier & Connelly
1 S. School Avenue, Suite 700
Sarasota, Florida  34237
Assistant City Attorney
Eric.Werbeck@sarasotagov.com

/s/ Thomas D. Shults
Thomas D. Shults
Trial Counsel for City of Sarasota
Florida Bar Number 0363219
Kirk-Pinkerton, P.A.
240 S. Pineapple Avenue, Sixth Floor
Telephone (941) 364-2425
Facsimile (941) 364-2490
socd@kirkpinkerton.com