UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMERICAN CIVIL LIBERTIES
UNION OF FLORIDA, INC. and
MICHAEL BARFIELD,

        Petitioners,

v.                              Case NO. 8:14-cv-01606-SDM-TGW

CITY OF SARASOTA, and
MICHAEL JACKSON,

        Respondents.
_____/

## RESPONSE OF CITY OF SARASOTA TO MOTION TO ALTER OR VACATE JUDGMENT/MEMORANDUM OF LAW IN SUPPORT OF RESPONSE

COMES NOW the CITY OF SARASOTA, by and through its undersigned attorneys, and pursuant to Rule 3.01 of this Court, and files this Response and Memorandum to the above-referenced motion and states:

### I. BACKGROUND/TIMELINE

June 3, 2014:    American Civil Liberties Union of Florida, Inc. and Michael Barfield (hereinafter collectively referred to as Petitioners) file a "Verified Emergency Petition for Writ of Mandamus" in Twelfth Judicial Circuit Court in Sarasota County. (Dkt. #2) The Petition names the City of Sarasota and Michael Jackson as respondents and attempts to state an action for a writ of mandamus under the Florida Public Records Act, Chapter 119, Florida Statutes. The Petition describes the "requested records" as "… certain records relating to applications tendered to the Circuit Court of the Twelfth Judicial Circuit, in and for Sarasota County, and

the judicial orders entered pursuant to the provisions of §§934.32 and 934.33, Fla. Stat." (Dkt. #2, p. 3)[1]

June 4, 2014: The state circuit court enters an order setting a status conference. The order states, "The purpose of the status conference is for the parties to address jurisdictional issues and the status of respondent Michael Jackson." (Dkt. #1-2, p. 61)[2]

June 12, 2014: The state circuit court conducts a status conference. The United States Government makes a limited appearance at the conference.

June 17, 2014: The state circuit court enters an order which dismisses "without prejudice," the Petition for Writ of Mandamus. (Dkt. #1-2, p. 67) The order recites that the United States Government appeared at the status conference and informed the court that Michael Jackson is a Special Deputy with the U.S. Marshall's Service and is assigned to a federally created regional task force. (Dkt. #1-2, p. 68) The circuit court finds that the Petitioners did not challenge "as a matter of fact," the statement of the U.S. Government regarding the status of Jackson. (Dkt. #1-2, p. 68) The circuit court also finds, citing to *Morris Pub. Group, LLC v State*, 13 So.3d 120, 121 (Fla. 1st DCA 2009), that the applications for orders and orders authorizing the use of the "Stingray" devices sought by Petitioners are judicial records and not subject to Chapter 119, Florida Statutes. The circuit court concludes that, "The Court does not have jurisdiction over the Petition as pled. Court records, federal documents and federal criminal

---

[1] F.S. 934.32 and 934.33 deal with the use of "trap and trace" devices. The Petition and the June 17, 2014 order also refer to these devices as "Stingray" devices.
[2] Paragraph 17 of the state court Petition for Mandamus makes reference to Michael Jackson's status as a Special Deputy with the United States Marshall's Service. (Dkt. #2, p. 5)

|||
|---|---|
| | investigations are not subject to Chapter 119. For that reason, the Petition as currently pled is due to be dismissed." (Dkt. #1-2, p. 69) The order permits the Petitioners to amend the Petition by July 7, 2014.[3] The order also requires the United States Government to file with the state court all applications and orders approving the use of Stingray devices by June 23, 2014. (Dkt. #1-2, p. 69) [4] |
| June 30, 2014: | The United States of America files a Notice of Removal in the state circuit and United States District Court. The Notice of Removal is supported by a Declaration of Michael Jackson which states under oath that, "[t]he Petition seeks documents that I either created or maintained, in my capacity as a Special Deputy United States Marshall and at the direction of the United States Marshall Service, in connection with my official duties on the Federal Task Force. These documents include applications for search warrants and proposed orders." (Dkt. #3) |
| July 15, 2014: | Petitioners file a Motion to Alter or Vacate Judgment. (Dkt. #12) |

## II. ANALYSIS

A. **Petitioners' request for relief pursuant to Fed.R.Civ.P. 59(e) to alter or vacate the state court's order is improper because the order is a non-final order of which Rule 59(e) is inapplicable.**

Petitioners filed their motion to alter or vacate judgment pursuant to Rule 59(e), which states:

> **(e) Motion to Alter or Amend a Judgment.** A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

---

[3] Petitioners did not attempt to amend the Petition by the July 7 deadline.
[4] The United States Government has presumably complied with this portion of the order, and the Petitioners do not suggest otherwise.

3

The June 17, 2014, order entered by Judge Williams dismissing the Petition was without prejudice, and allowed the Petitioners to replead the Petition. Therefore, the order was an interlocutory, non-final order. *Hoskins v. Poelstra*, 320 F.3d 761 (7th Cir. 2003) (An order dismissing a complaint without prejudice is not final, and thus not appealable under 28 U.S.C. § 1291 because the plaintiff is free to amend his pleading and continue the litigation.). Because neither the state nor federal court entered a final order or judgment on the Petition for Writ of Mandamus, Rule 59 cannot provide relief to Petitioners. *Perkins v. Berg Spiral Pipe Corp.*, 2013 WL788073 (S.D. Alabama 2013) ("…The court notes, however, that Rule 59 does not apply here, because the court has entered no final order or judgment, but only an interlocutory order…"); *Nicholson v. City of Daphne*, 2009 WL2045152 (S.D. Alabama 2009) ("Rules 59 and 60(b)…these rules do not apply because the court has entered no final order or judgment but only an interlocutory order").

  B. **Alternatively, if Rule 59(e) is applicable to the state court order, Petitioners' motion fails to allege and prove grounds on which the district court may alter or amend the state court order.**

"A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). Because Petitioners have not argued a change in the controlling law, made a showing of the availability of new evidence, or provided evidence of imminent manifest injustice, the motion appears to attempt to argue a clear legal error in the June 17, 2014 order. Upon review of the order, no clear error exists.

  In the order setting the status conference, Judge Williams made it clear to the parties regarding the purpose of the conference: "The purpose of the status conference is for the parties

to address jurisdictional issues and the status of Respondent Michael Jackson." (Dkt. #1-2, p. 61) There is no question that the Petitioners were placed on notice that the status of Michael Jackson would be addressed at the hearing and that the parties should be prepared to do so. At the status conference, however, Petitioners, instead of arguing that Jackson was an agent of state government, indicated no disagreement with or challenge to the U.S. Government's representation to the court that Jackson acted in his capacity as a sworn special deputy of the United States Marshall's Office, assigned to a federally created regional task force.

Having indicated no disagreement with the position of the United States at the status conference, the Petitioners now attempt to turn back the clock and attempt to reframe their position regarding the status of Jackson. The law is clear that a Rule 59 motion may not be used to relitigate old matters, or raise argument and/or present evidence that could have been raised prior to the entry of judgment. *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir.2005). By not challenging or raising argument to the contrary at the status conference concerning Jackson's status as a Special Deputy U.S. Marshal, Petitioners motion to alter or vacate judgment is essentially a motion for reconsideration of the state court's order, something not properly considered under Rule 59(e). *Id*; *see also Stone v. Wall*, 135 F.3d 1438 (11th Cir. 1998) (The purpose of a Rule 59(e) motion is not to raise an argument that was previously available, but not pressed.)

Moreover, Petitioners' chance to attempt to plead around Jackson's status as a Special Deputy U.S. Marshall by filing an amended petition by July 7, 2014, has now lapsed. 28 U.S.C. §1450 governs the post-removal effect of state court orders entered prior to removal, and states, in part:

> "…All injunctions, orders, and other proceedings had in such action prior to its removal <u>shall remain in full force and effect</u> until dissolved or modified by the district court…" (emphasis added)

See *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423 (1974) (Section 1450 is intended to deal with the unique problem of shift in jurisdiction in middle of case which arises whenever cases are removed from state to federal court; interlocutory orders entered by the state court prior to removal are not stayed on removal.); *see also Lechoslaw v. Bank of America*, 575 F.Supp.2d 286 (N.A., D.Mass.2008) (On removal, interlocutory state court orders are transformed by operation of law into orders of the federal district court to which the action is removed.); *Louisiana v. Guidry*, 489 F.3d 692 (2007) (Interlocutory state court orders are transformed by operation of law into orders of the federal district court to which the action is removed.)

Pursuant to Judge Williams' order, Petitioners had until July 7, 2014 to amend their Petition for Writ of Mandamus to include allegations challenging Jackson's status as a Special Deputy U.S. Marshall. Pursuant to 28 USC 1450, the deadline for Petitioners to amend remained in effect after removal. Petitioners never filed an amended petition, electing instead to file a number of motions, including this Rule 59(e) motion, and attempt to interject this argument now. By not filing an amended petition by the July 7, 2014 deadline, as well as failing to argue in opposition to the U.S. Government's assertion that Jackson was acting in his capacity as a Special Deputy U.S. Marshall, Petitioners have waived their right to reargue Jackson's status.

6

## III. CONCLUSION

Based upon the foregoing, the City of Sarasota respectfully requests this Court to deny the Petitioners' Motion to Alter or Vacate Judgment.

                                                              _____
                                                              Thomas D. Shults
                                                              Trial Counsel for City of Sarasota
                                                              Florida Bar Number 0363219
                                                              Kirk-Pinkerton, P.A.
                                                              240 S. Pineapple Avenue, Sixth Floor
                                                              Telephone (941) 364-2425
                                                              Facsimile (941) 364-2490
                                                              socd@kirkpinkerton.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Response has been served this 29 day of July, 2014 to:

Benjamin James Stevenson, Esq.
ACLU Found. Of Fla.
P.O. Box 12723
Pensacola, FL 32591-2723

Maria Kayanan, Esq.
ACLU Found. Of Fla.
4500 Biscayne Boulevard
Miami, FL 33137
MKayanan@aclufl.org

Andrea Flynn Mogensen, Esq.
Law Offices of Andrea Flynn Mogensen
200 south Washington Boulevard, Suite 7
Sarasota, FL 34236
amogensen@sunshinelitigation.com

7

Gregg D. Thomas, Esq.
Thomas and Locicero, PL
601 South Boulevard
Tampa, FL 33606
Gthomas@tlolawfirm.com

John F. Rudy, III
Assistant United States Attorney
United States Dept. of Justice
400 N. Tampa Street, Suite 3200
Tampa, FL 33602
John.rudy@usdoj.gov

Eric Werbeck, Esq.
Fournier & Connelly
1 S. School Avenue, Suite 700
Sarasota, Florida 34237
Assistant City Attorney
Eric.Werbeck@sarasotagov.com

                                        Thomas D. Shults
                                        Trial Counsel for City of Sarasota
                                        Florida Bar Number 0363219
                                        Kirk-Pinkerton, P.A.
                                        240 S. Pineapple Avenue, Sixth Floor
                                        Telephone (941) 364-2425
                                        Facsimile (941) 364-2490
                                        socd@kirkpinkerton.com