UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMERICAN CIVIL LIBERTIES
UNION OF FLORIDA, INC. and
MICHAEL BARFIELD,

          Petitioners,

v.                                             Case NO. 8:14-cv-01606-SDM-TGW

CITY OF SARASOTA, and
MICHAEL JACKSON,

          Respondents.
_____/

**RESPONSE OF CITY OF SARASOTA TO PETITIONERS'**
**MOTION FOR LIMITED DISCOVERY ON JURISDICTION/**
**MEMORANDUM IN SUPPORT OF RESPONSE**

      COMES NOW the Respondent, CITY OF SARASOTA, by and through its undersigned attorneys, and pursuant to Rule 3.01 of this Court and files this Response and Memorandum to the above-referenced motion and states:

      The Petitioners argue that discovery is needed in order to determine whether this action was properly removed to the Federal Court. The Petitioners frame the removal as being based upon federal question jurisdiction (28 USC 1331) and a mandamus action against a federal agent (28 USC 1361). It appears, however, that the most applicable ground for removal cited by the United States is not the existence of a federal question or of a mandamus action against a federal agent, but rather the right of a federal agent to remove under 28 USC 1442(a)(1).

      As stated in City of Sarasota's Response to the Petitioners' Motion to Remand, under Section 1442(a)(1) the removing defendant is only required to allege a "colorable defense" arising out of his federal duties. This threshold for maintaining a removal is relatively low and the "defense need only be plausible; its ultimate validity is not to be determined at the time of

removal." *Magnin v. Teledyne Continental Motors,* 91 F.3d 1424, 1447 (11th Cir. 1996) (Citing to *Mesa v. California,* 489 US 121, 129, 133 (1989.)  If removal is under Section 1442(a)(1), an assertion that one acted in his official federal capacity and is immune from suit is sufficient to defeat a motion to remand.  See *Reed v. O'Neal,* 2001 WL 393708 (MD Fla. 2001).  Michael Jackson's Declaration satisfies the threshold for removal under Section 1442, and his deposition and further discovery at this stage would be both unnecessary and improper.

The Petitioners' request in their motion for an order requiring Jackson to produce "all state trap and trace applications and orders"[1] responsive to the Petitioners' public records request is legally problematic to say the least.  Trap and trace orders are required by Florida law to be sealed unless otherwise ordered by the state court.  F.S. 934.33(4)(a).  It is the understanding of the City of Sarasota that the state court orders entered in this case required not only that the orders, but also the applications for the orders be sealed.  Moreover, the June 17, 2014, circuit court order dismissing the Petition for Mandamus without prejudice recited the stipulation of the United States Government "to file with the issuing state court any Stingray applications and orders filed under seal and issued by Florida state court judges." (Dkt. #1-2, p. 69)  Pursuant to the stipulation, the state circuit court also ordered the United States Government to file the applications and orders with the issuing Florida state court not later than June 23, 2014.[2] (Dkt. #1-2, p. 69)  It would be inappropriate for this Court to order the production of documents which constitute sealed Florida judicial records and which are presently in the possession of the Florida court.[3]  If the Petitioners desire to examine the sealed trap and trace applications and orders, the

---

[1] Petitioners and the state court also referred to trap and trace devices as "Stingray devices."
[2] The state circuit court correctly found that these applications and orders were judicial records that were not subject to the Petitioners' mandamus petition under the Florida Public Records Act, Chapter 119, Florida Statutes.  See *Morris Pub. Group, LLC v. State,* 13 So.3d 120, 121 (Fla. 1st DCA 2009).
[3] The United States has presumably complied with the June 17, 2014 order and filed the applications and orders with the state court.  The Petitioners do not suggest otherwise.

appropriate method of attempting such discovery is to file the proper motions in state court to unseal these Florida judicial records under the Florida Rules of Judicial Administration, including Rule 2.420.

WHEREFORE, the City of Sarasota respectfully requests this Honorable Court to deny the Petitioners' request to conduct limited discovery for the purposes of determining jurisdiction.

Thomas D. Shults
Trial Counsel for City of Sarasota
Florida Bar Number 0363219
Kirk-Pinkerton, P.A.
240 S. Pineapple Avenue, Sixth Floor
Telephone (941) 364-2425
Facsimile (941) 364-2490
socd@kirkpinkerton.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing Response has been served this 29 day of July, 2014 to:

Benjamin James Stevenson, Esq.
ACLU Found. Of Fla.
P.O. Box 12723
Pensacola, FL 32591-2723

Maria Kayanan, Esq.
ACLU Found. Of Fla.
4500 Biscayne Boulevard
Miami, FL 33137
MKayanan@aclufl.org

Andrea Flynn Mogensen, Esq.
Law Offices of Andrea Flynn Mogensen
200 south Washington Boulevard, Suite 7
Sarasota, FL 34236
amogensen@sunshinelitigation.com

3

Gregg D. Thomas, Esq.
Thomas and Locicero, PL
601 South Boulevard
Tampa, FL 33606
Gthomas@tlolawfirm.com

John F. Rudy, III
Assistant United States Attorney
United States Dept. of Justice
400 N. Tampa Street, Suite 3200
Tampa, FL 33602
John.rudy@usdoj.gov

Eric Werbeck, Esq.
Fournier & Connelly
1 S. School Avenue, Suite 700
Sarasota, Florida 34237
Assistant City Attorney
Eric.Werbeck@sarasotagov.com

_____
Thomas D. Shults
Trial Counsel for City of Sarasota
Florida Bar Number 0363219
Kirk-Pinkerton, P.A.
240 S. Pineapple Avenue, Sixth Floor
Telephone (941) 364-2425
Facsimile (941) 364-2490
socd@kirkpinkerton.com
g:\document\tds\clients\city of sarasota aclu\0 - middle dist. pleadings\response of city to motion for limited discovery.docx

4