UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMERICAN CIVIL LIBERTIES UNION
OF FLORIDA, INC. and
MICHAEL BARFIELD,

Petitioners,

CASE NO. 8:14-cv-01606-T-23TGW

v.

CITY OF SARASOTA, and
MICHAEL JACKSON,

Respondents.
_________________________/

**UNITED STATES OF AMERICA'S RESPONSE**
**IN OPPOSITION TO PETITIONERS' MOTION TO VACATE**

COME NOW the United States of America and Michael Jackson ("SDUSM Jackson), in his official capacity as a Special Deputy United States Marshal (the "United States"),[1] and herby respond in opposition to the motion to vacate (Doc. 12) filed by petitioners American Civil Liberties Union of Florida and Michael Barfield (collectively, "Petitioners"). In support thereof, the United States shows as follows:

**INTRODUCTION**

Petitioners candidly admit that "the principal reason for this Rule 59(e) motion is to toll the time for appeal in state court or conversely permit review of the state court dismissal order by the Eleventh Circuit." (Doc. 12 at 2 n.1). Petitioners offer no basis for which this Court may vacate the state court order of dismissal pursuant to Rule 59(e),

1 It is well established that an action seeking specific relief against a federal official, acting within the scope of his delegated authority, is an action against the United States, subject to governmental privilege of immunity. See Larson v. Domestic and Foreign Commerce Corp., 337 U.S. 682, 688 (1949); See Kentucky v. Graham, 473 U.S. 159 (1985) (Official capacity suits are, in reality, suits against the official's agency/entity.)

Federal Rules of Civil Procedure. Notwithstanding their artful pleading, the state court correctly identified jurisdictional issues and set the matter for hearing. After giving the parties an opportunity to address the jurisdictional issues, the state court correctly held that it lacked jurisdiction over the Petition because the "Florida's Sunshine Law does not apply to the federal government" and because "Court records, federal documents and federal criminal investigations are not subject to Chapter 119" of the Florida Statutes. The state court's holding is legally correct and, therefore, must not be disturbed.

**BACKGROUND**

According to the Petition for Writ of Mandamus ("Petition") (Doc. 2), Petitioner Barfield contacted Special Deputy United States Marshal Jackson and "requested an appointment to inspect records in his possession, including the trap and trace applications and orders. (Doc. 2 at 4, ¶15). Thereafter, the City of Sarasota notified Petitioners that it had "been instructed not to release the documents requested, as any 'tap and trace' orders kept by Special Deputy US Marshal Jackson pursuant to his duties with the Marshal's Service belong to the Marshal's Service. The request should be made of the federal government through the Freedom of Information/Privacy Act. Information here: http://www.usmarshals.gov/foia/." (Doc. 2 at 15).

Petitioners elected not to make a Freedom of Information request, but rather filed the Petition in an effort to circumvent federal law through artful pleading. Upon reviewing the Petition, however, the Honorable Charles E. Williams set a hearing "to address jurisdictional issues and the status of the Respondent Michael Jackson." Order Setting Status Conference (Doc. 1 at 67). At the hearing, the court asked the parties to address

three main questions: (1) whether the court had jurisdiction to hear the case; (2) in what capacity does SDUSM Jackson retain the requested records; and (3) whether the Sunshine Laws apply to SDUSM Jackson. See Court Appearance Record (Doc. 1 at 69).

The United States made a limited appearance at the hearing and offered a statement of interest, which the court received. After allowing all parties to address the jurisdictional issues and the status of SDUSM Jackson, the court held that it did not have jurisdiction over the Petition. Order (Doc. 1 at 73). The court correctly found that "Florida's Sunshine Law does not apply to the federal government" and that "Court records, federal documents and federal criminal investigations are not subject to Chapter 119" of the Fla. Stat. (Id.) Accordingly, the court dismissed the Petition without prejudice and with leave to file an amended petition by July 7, 2014. (Id.) Petitioners elected not to file an amended petition.

**MEMORANDUM OF LAW**

Petitioner filed this motion to vacate, pursuant to Rule 59(e), Federal Rules of Civil Procedure. (Doc. 12 at 1). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. Sch. Bd. of Hillsborough Cnty., 149 F.R.D. 235, 235 (M.D.Fla. 1993). Indeed, "[w]hen evaluating a motion to reconsider, a court should proceed cautiously, realizing that 'in the interests of finality and conservation of scarce judicial resources, ***reconsideration of a previous order is an extraordinary remedy to be employed sparingly***.'" United States v. Bailey, 288 F. Supp. 2d 1261, 1267 (M.D.Fla. 2003) (citation omitted)(emphasis added).

The only grounds for granting a Rule 59 motion are newly-discovered evidence or

manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotation marks and alterations omitted). As a result, a district court does not abuse its discretion when denying a Rule 59(e) motion made merely "to relitigate old matters" or "raise argument[s] or present evidence that could have been raised prior to the entry of judgment." Id.; see also Mincey v. Head, 206 F.3d 1106, 1137 n. 69 (11th Cir. 2000). Indeed, Rule 59(e) motions do not afford an unsuccessful litigant "two bites at the apple." American Home Assur. Co. v. Glenn Estess & Associates, Inc., 763 F.2d 1237, 1239 (11th Cir. 1985). "While, in a motion for reconsideration, a party may seek to correct clear errors in a court order or judgment, an error is not 'clear and obvious' if the legal issues are 'at least arguable.'" U.S. v. Barnes, 2012 WL 3194419 (M.D.Fla. June 05, 2012) (internal quotation omitted) (quoting American Home Assurance Co., 763 F.2d at 1239).

In their four page motion to vacate, Petitioners neither offer newly discovered evidence nor identify any manifest errors of law or fact. Specifically, Petitioners do not allege any manifest errors of law with respect to the following legal ruling: (1) "Florida's Sunshine Law does not apply to the federal government," (2) "Court records, federal documents and federal criminal investigations are not subject to Chapter 119", Fla. Stat., (3) the "Sunshine Law is pre-empted by the United States Code[,]" and (4) "the Sunshine Law would not appear to apply to records maintained by [SDUSM] Jackson while operating in his capacity as a sworn federal law enforcement agent." See Doc. 1 at 72-73. As the court correctly noted, Chapter 119 contains Florida's "Sunshine Law," which governs public records. Section 119.011(2), Fla. Stat. defines a "public record" as

"all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings, data processing software, or other material, regardless of the physical form, characteristics, or means of transmission made or received pursuant to law or ordinance or *in connection with the transaction of official business by any* ***agency***." (emphasis added). The definition of "agency," also found in Section 119.011(2), does not include federal entities. See Order (Doc. 1 at 72). Accordingly, Florida's Sunshine Laws do not apply to the federal government. See City of Miami v. Metropolitan Dade County, 745 F. Supp. 683, 687 (S.D. Fla. 1990) ("While the actions of the State of Florida in releasing documents and/or discovery items are certainly subject to the mandates of Chapter 119, the actions of the Federal Government are not."). Similarly, Chapter 119 does not apply to court records such as the applications and orders at issue here because "it is well settled that courts are not agencies under Florida's Public Records Act, Chapter 119, Florida Statutes, and therefore the act does not govern access to judicial records."[2] Id. (citing Morris Pub. Group, LLC v. State, 13 So. 3d 120, 121 (Fla. 1st DCA 2009). These unchallenged rulings alone justify the dismissal of the Petition for lack of subject matter jurisdiction. Therefore, there can be no manifest error.

Instead, Petitioners seek to re-litigate the status of SDUSM Jackson – a question the state court specifically asked Petitioners to address prior to its ruling. See Doc. 1 at 67, 69 and 73. Under Rule 59(e), this Court cannot allow Petitioners to re-litigate this "old matter" or raise arguments regarding the status of SDUSM Jackson that should have been raised at the hearing. See Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007).

---

2 The United States voluntarily filed the original applications and orders under seal with the issuing court.

Moreover, even if this Court could reconsider the status of SDUSM Jackson, Petitioners have not and cannot show that the state court's determination was "clear and obvious" error. To the contrary, it is undisputed that SDUSM Jackson is a sworn federal officer. See Doc. 11 at 2 and 8 ("Det. Jackson, who is cross-sworn as a deputy U.S. Marshall. . .") ("Because Det. Jackson in his capacity as a Special Deputy U.S. Marshall should not "flout" the federal law enforcement standards. . ."). In addition, it is also undisputed that SDUSM Jackson was instructed by the Department of Justice not to release the documents at issue. Paragraph 17 of the Petition states: "federal agency instructed the City not to release the requested documents because 'any trap and trace' orders kept by Detective Jackson were pursuant to his duties as a Special Deputy with the U.S. Marshal's (sic) Service." (Doc. 2 at 5); see also Exhibit 2 to Petition. As a result, "[SDUSM] Jackson failed to comply with the request to permit inspection and copying of public records." (Doc. 2 at 7, ¶ 34). Having been instructed by the Department of Justice to not turn over the requested documents, SDUSM Jackson was bound to follow those orders. The authority allowing department heads to promulgate regulations restricting employee testimony or production of federal records was upheld by the Supreme Court in U.S. ex rel. Touhy v. Ragen, 340 U.S. 462 (1951). Since then, an "unbroken line of authority directly supports [the] contention that a federal employee may not be compelled to obey a [state court order] contrary to his federal employer's instructions under valid agency regulations." Moore v. Armour Pharmaceutical Co., 927 F.2d 1194, 1197 (11th Cir. 1991) (citing Boron Oil Co. v. Downie, 873 F.2d 67, 73 (4th Cir.1989)).

To the extent Petitioners disagree with the Department of Justice's decision, they were not free to present that dispute to the state court to resolve, as the state court lacked jurisdiction to hear it. "Under settled principles of sovereign immunity, the United States, as sovereign, is immune from suit, save as it consents to be sued." United States v. Dalm, 494 U.S. 596 (1990) (internal quotations omitted). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied." Lane v. Pena, 518 U.S. 187 (1996) (citations omitted). A waiver of sovereign immunity must be "unequivocally expressed," and an expressed waiver will be strictly construed. United States v. Nordic Village, Inc., 503 U.S. 30, 33–34 (1992) (citation omitted). The state court lacked subject matter jurisdiction to determine whether the Department of Justice properly ordered SDUSM Jackson not to release its documents pursuant to 5 U.S.C. § 302 and 28 C.F.R. § 16,21 et seq. Accordingly, the state court had no authority to compel SDUSM Jackson to produce records contrary to the Department of Justice's instructions and in violation of Department of Justice regulations. See In re May 8, 2007 Order to Show Cause, No. 8:07 cv 850 T 23MAP, 2007 WL 2609774 (M.D.Fla. September 6, 2007) (J. Merryday) (District Court vacated the state court order directed to federal officers "[b]ecause the state court lacked jurisdiction to compel the production of documents and deposition testimony."); see also City of Miami, 745 F. Supp. at 687 ("the actions of the Federal Government should not be dictated by the Florida Legislature.") [3]

---

3 In the area of general civil removals, it is well settled that if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had

Petitioners seemingly realize their inability to show a manifest error, insofar as they admit "the principal reason for this Rule 59(e) motion is to toll the time for appeal in state court or conversely permit review of the state court dismissal order by the Eleventh Circuit." (Doc. 12 at 2 n.1). While the United States understands the procedural necessity of filing this motion, a Rule 59(e) motion is not a substitute for an appeal. See Jacobs v. Tempur–Pedic Int'l, Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) ("We find nothing in the district court's order that would constitute a manifest error of law or fact. Jacobs's remedy, if he thought the district court ruling was wrong, was to appeal, a step he has taken."). This motion does nothing more than ask the district court to reexamine an unfavorable ruling, which is not the purpose of Rule 59. Id.

## CONCLUSION

As a result, Rule 59 does not permit this Court to provide the extraordinary remedy requested under these circumstances. Based on the forgoing, the United States respectfully requests that this Court deny Petitioner's motion to vacate.

---

originated there. Arizona v. Manypenny, 451 U.S. 232, 243 n.17 (1981); Freeman v. Bee Machine Co., 319 U.S. 448, 449 (1943); Minnesota v. United States, 305 U.S. 382, 389 (1939); Lambert Run Coal Co. v. Baltimore & Ohio R. Co., 258 U.S. 377, 382 (1922).

Respectfully submitted,

**A. LEE BENTLEY, III**
United States Attorney

By: *s/ Sean P. Flynn*
**SEAN P. FLYNN**
Deputy Chief, Civil Division
Assistant United States Attorney
USAO No. 111
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone: (813) 274-6000
Fax: 813-274-6200
sean.flynn2@usdoj.gov
**John F. Rudy, III**
Assistant United States Attorney
FBN: 136700
400 North Tampa Street, Suite 3200
Tampa, FL 33602
Phone: 813-274-6319
Fax: 813-274-6198
E-Mail:John.rudy@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 29, 2014, the foregoing was filed with the Court using the CM/ECF system which will send notice to the following:

Benjamin James Stevenson
Bstevenson@aclufl.org

Maria Kayanan
MKayanan@aclufl.org

Thomas D. Shults
socd@kirkpinkerton.com

Andrea Flynn Mogensen
amogensen@sunshinelitigation.com

Gregg D. Thomas
gthomas@tlolawfirm.com

Eric Werbeck, Esq
Eric.Werbeck@sarasotagov.com

*s/ Sean P. Flynn*
**SEAN P. FLYNN**
Assistant United States Attorney