UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMERICAN CIVIL LIBERTIES
UNION OF FLORIDA, INC. and
MICHAEL BARFIELD,

Petitioners,

v. Case NO. 8:14-cv-01606-SDM-TGW

CITY OF SARASOTA, and
MICHAEL JACKSON,

Respondents.
_______________________________________/

**MOTION OF CITY OF SARASOTA TO INVOLUNTARILY DISMISS PETITION FOR WRIT OF MANDAMUS WITH PREJUDICE PURSUANT TO RULE 41(b)/ MEMORANDUM IN SUPPORT OF MOTION (DISPOSITIVE MOTION)**

COMES NOW the CITY OF SARASOTA, by and through its undersigned attorneys, and pursuant to the applicable Rules of Federal Civil Procedure, including Rule 41(b) and files the above-referenced motion and memorandum in support and states:

## I. BACKGROUND/TIMELINE

June 3, 2014: American Civil Liberties Union of Florida, Inc. and Michael Barfield (hereinafter collectively referred to as Petitioners) file a "Verified Emergency Petition for Writ of Mandamus" in Twelfth Judicial Circuit Court in Sarasota County. (Dkt. #2) The Petition names the City of Sarasota and Michael Jackson as respondents and attempts to state an action for a writ of mandamus under the Florida Public Records Act, Chapter 119, Florida Statutes. The Petition describes the "requested records" as "… certain records relating to applications tendered to the

Circuit Court of the Twelfth Judicial Circuit, in and for Sarasota County, and the judicial orders entered pursuant to the provisions of §§934.32 and 934.33, Fla. Stat." (Dkt. #2, p. 3)

June 17, 2014: The state circuit court enters an order which dismisses "without prejudice," the Petition for Writ of Mandamus. (Dkt. #1-2, p. 67) The circuit court concludes that, "The Court does not have jurisdiction over the Petition as pled. Court records, federal documents and federal criminal investigations are not subject to Chapter 119. For that reason, the Petition as currently pled is due to be dismissed." (Dkt. #1-2, p. 69) The order concludes:

> Therefore, it is hereby **ORDERED AND ADJUDGED** that: … 2. The Petitioners' Petition for Writ of Mandamus is **DISMISSED**, without prejudice. Should Petitioners desire to file an amended petition and are able to do so in good faith, the Petitioners may do so on or before July 7, 2014. (Emphasis original.)

June 30, 2014: The United States of America files a Notice of Removal in the state circuit and United States District Court.

July 7, 2014: Petitioners fail to amend the Petition for Writ of Mandamus.

July 15, 2014: Petitioners file a Motion to Alter or Vacate Judgment (Dkt. #12, p. 2 fn. 1) wherein Petitioners state, "… The principal reason for this rule 59(3) motion is to toll the time for appeal in state court or conversely permit review of the state court's dismissal order by the Eleventh Circuit."

July 15, 2014: Petitioners file a Motion for Limited Discovery (Dkt. #13) and Motion to Remand (Dkt. #11) which, as of the date of this Motion, remain pending before this Court.

## II. ANALYSIS

The Petition for Writ of Mandamus should be dismissed with prejudice pursuant to Rule 41(b) due to the Petitioners' failure to prosecute their case by amending and/or failing to comply with the order dismissing the Petition without prejudice which imposed the July 7, 2014 deadline for amendment.

The post-removal effect of the June 17 state court order dismissing the Petition and permitting Petitioners to amend by July 7 is addressed in 28 USC §1450. That section states, in pertinent part:

> All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court.

The Supreme Court has recognized that one purpose of Section 1450 is to ensure that the rights of the parties under state court orders do not lapse after removal. *Granny Goose Foods, Inc. v. Bhd. of Teamsters& Auto Truck Drivers Local No. 70,* 415 U.S. 423, 435-36 (1974). "After removal, the federal court 'takes the case up where the state court left off'." *Id.* at 436 (quoting *Duncan v. Gegan*, 101 U.S. 810, 812 (1880)). The effect of 28 USC §1450 is that state court orders are "transformed" into orders of the federal court. *In re Diet Drugs Prods. Liab. Litig.*, 282 F.3d 220, 231-32 (3d Cir. 2002)(citing *Nissho-Iwai Am. Corp. v. Kline,* 845 F.2d 1300, 1304 (5th Cir. 1988). *See also Strykul v. PRG Parking Orlando, LLC*, 201 4WL 3587268, fn. 1 (MD Fla. 2014) (State court order setting deadline for service of process is recognized as effective "after removal to find that service was timely.)

Rule 41(b) states in pertinent part:

> If the plaintiff fails to prosecute or to comply with … a court order, a defendant may move to dismiss the action …

Because the July 7 amendment deadline became a deadline of this court upon removal on June 30, Petitioners' failure to comply with the amendment deadline should result in a dismissal with prejudice by this Court pursuant to Rule 41(b). This is especially true given that the Petitioners have affirmatively declared their intention to appeal the order dismissing the Petition rather than amending the Petition. *See Hickman v. Hickman, et al.,* 2014 WL 1613044 (11th Cir. 2014). (Dismissal pursuant to Rule 41(b) was appropriate given the plaintiff's failure to amend by the deadline set by the court and plaintiff's declaration that she would not amend.) *See also Rossi v. McCloskey and Company*, 149 F.Supp. 638, 641 (E.D. Pa. 1957) ("Plaintiffs failed to comply with the reasonable condition here imposed, that the amended pleading be submitted within 20 days…" and therefore dismissal under Rule 41(b) was appropriate) and Wright & Miller, 6 Fed. Prac. & Proc. Civ. §1486 (3d Ed.) ("The moving party's refusal to comply with the conditions imposed by the court normally result in a denial of the right to amend. This frequently occurs in the analogous situation in which the district court grants a motion to dismiss the original pleading unless it is amended to comply with the court's order within a certain time period.")

## III. CONCLUSION

Based upon the foregoing, the City of Sarasota respectfully requests this Honorable Court to enter an order dismissing the Petition for Writ of Mandamus with prejudice.

Thomas D. Shults
Trial Counsel for City of Sarasota
Florida Bar Number 0363219
Kirk-Pinkerton, P.A.
240 S. Pineapple Avenue, Sixth Floor
Telephone (941) 364-2425
Facsimile (941) 364-2490
socd@kirkpinkerton.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Motion to Dismiss has been served this 4 day of August, 2014 to:

Benjamin James Stevenson, Esq.
ACLU Found. Of Fla.
P.O. Box 12723
Pensacola, FL 32591-2723

Maria Kayanan, Esq.
ACLU Found. Of Fla.
4500 Biscayne Boulevard
Miami, FL 33137
MKayanan@aclufl.org

Andrea Flynn Mogensen, Esq.
Law Offices of Andrea Flynn Mogensen
200 south Washington Boulevard, Suite 7
Sarasota, FL 34236
amogensen@sunshinelitigation.com

Gregg D. Thomas, Esq.
Thomas and Locicero, PL
601 South Boulevard
Tampa, FL 33606
Gthomas@tlolawfirm.com

John F. Rudy, III
Assistant United States Attorney
United States Dept. of Justice
400 N. Tampa Street, Suite 3200
Tampa, FL 33602
John.rudy@usdoj.gov

Eric Werbeck, Esq.
Fournier & Connelly
1 S. School Avenue, Suite 700
Sarasota, Florida 34237
Assistant City Attorney
Eric.Werbeck@sarasotagov.com

Thomas D. Shults
Trial Counsel for City of Sarasota
Florida Bar Number 0363219
Kirk-Pinkerton, P.A.
240 S. Pineapple Avenue, Sixth Floor
Telephone (941) 364-2425
Facsimile (941) 364-2490
socd@kirkpinkerton.com

g:\document\tds\clients\city of sarasota aclu\0 - middle dist. pleadings\motion to dismiss petition.docx