UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMERICAN CIVIL LIBERTIES
UNION OF FLORIDA, INC., et al.,

    Plaintiffs,

v.

    No. 8:14-cv-1606 T-23TGW

CITY OF SARASOTA, et al.,

    Defendants.

## PLAINTIFFS ACLU'S RESPONSE TO CITY'S MOTION TO DISMISS

Plaintiffs American Civil Liberties Union of Florida, Inc., and Michael Barfield (collectively "ACLU"), respond to the City's Motion to Dismiss (DE 23) as follows:

The ACLU has moved this Court to remand the case back to state court for further proceedings. ACLU's Mot. for Remand (DE 11). The ACLU asserts that remand is necessary because this court lacks subject matter jurisdiction to hear this lawsuit brought pursuant to Florida law to compel a Florida officer to produce Florida public records. *Id*. The ACLU contests Defendant Sarasota Police Detective Michael Jackson's factual basis for removal—that he acted as a federal agent in applying for and receiving the state Stingray orders at issue in this public records lawsuit. *Id.* The ACLU has sought discovery on this issue because Det. Jackson possesses the majority of the evidence probative of the capacity in which he sought and received these state Stingray orders,

including the state Stingray orders and applications themselves and information about the manner, form, and procedure by which he sought and received the state Stingray orders.

Before ruling on any determinative motions, including the City's Motion to Dismiss for failure to amend, the Court should first determine whether it has jurisdiction. *See Velazquez v. S. Florida Fed. Credit Union*, 546 Fed. Appx. 854, 856 (11th Cir. 2013) ("Because '[j]urisdiction is a prerequisite to the legitimate exercise of judicial power,' we determine whether the district court had jurisdiction over a case following removal 'as a threshold matter.'") (quoting *Castleberry v. Goldome Credit Corp.,* 408 F.3d 773, 779 (11th Cir. 2005)); *see also In re Bear River Drainage Dist.*, 267 F.2d 849, 851 (10th Cir. 1959) ("While the questions involved in the two motions were necessarily related, the better practice would have been to rule first on the motion to remand and if granted to have sent the motion to dismiss back to the state court."); *Nichols v. Se. Health Plan of Alabama, Inc.*, 859 F. Supp. 553, 559 (S.D. Ala. 1993) ("A federal court lacking subject matter jurisdiction cannot rule on other pending motions.") (citing 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3739 at 423 (3rd ed.1998)).

The Court should first rule on the pending motion for remand after a review and development of the facts informed through discovery.

Dated: August 12, 2014

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that I electronically filed today the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all persons registered for this case, including any opposing counsel that have appeared.

  **Respectfully Submitted,**

| | |
|---|---|
| s/Benjamin James Stevenson | /s/ Gregg D. Thomas |
| **Benjamin James Stevenson** | **Gregg D. Thomas** |
| ACLU Foundation of Fla. | Fla. Bar. No. 223913 |
| P.O. Box 12723 | Thomas & Locicero PL |
| Pensacola, FL  32591-2723 | 601 S. Boulevard |
| Fla. Bar. No. 598909 | Tampa, Florida  33606 |
| T. 786.363.2738 | T. 813.984.3066 |
| F. 786.363.1985 | F. 813.984.3070 |
| bstevenson@aclufl.org | gthomas@tlolawfirm.com |
| | kbrown@tlolawfirm.com (secondary) |
| **Andrea Flynn Mogensen** | |
| Cooperating ACLU Foundation of Fla. | *Attorney for Michael Barfield* |
| Law Off. of Andrea Flynn Mogensen, P.A. | |
| 200 S. Washington Blvd., Ste. 7 | |
| Sarasota FL 34236 | |
| Fla. Bar. No. 0549681 | |
| T. 941.955.1066 | |
| F. 941.955.1008 | |
| amogensen@sunshinelitigation.com | |

**Maria Kayanan**
Associate Legal Director
ACLU Foundation of Fla.
4500 Biscayne Boulevard
Miami, FL 33137
Fla. Bar. No. 305601
T. 786.363.2700
F. 786.363.1108
MKayanan@aclufl.org

*Counsel for ACLU*